BOARD OF EDUCATION OF THE CITY OF NEW HAVEN
ET AL. *v.* CITY OF NEW HAVEN ET AL.
(14334)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BERDON, Js.

Argued December 12, 1991—decision released February 18, 1992

---

*Lubbie Harper, Jr.,* with whom was *Linda D. Babcock,* for the appellants (plaintiffs).

*Martin S. Echter,* deputy corporation counsel, for the appellees (named defendant et al.).

*Janet Bond Arterton,* for the appellee (defendant New Haven board of aldermen).

PER CURIAM. The trial court, sua sponte, dismissed this action for a declaratory judgment and for injunctive relief on the ground that a corporation having an interest in the subject matter had not been made a party, notwithstanding that there was pending before the court a motion to make it a party to the action. The subject matter of the requested declaratory judgment was whether the plaintiff New Haven board of education had the authority to enter into multiple one year contracts without the approval of the defendant New Haven board of aldermen. The plaintiffs appealed to the Appellate Court and we transferred the appeal to this court in accordance with Practice Book § 4023.

At oral argument, all parties to this appeal agreed that the judgment of dismissal should be reversed, and the matter remanded for further proceedings. It is puzzling to us why, after the trial court rendered the judgment of dismissal, none of the parties ever sought to reargue the dismissal before the trial court in order to call to its attention the pending motion to make the corporation a party.

Notwithstanding this unanimity regarding the necessity for further proceedings, we must address the issue of mootness. The parties advised us at oral argument that the particular contract that is the subject of this litigation was actually approved by the defendant board of aldermen subsequent to the time this action for declaratory judgment had been instituted. Since mootness implicates subject matter jurisdiction; *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988); it can be raised at any stage of the proceedings. See *Sobocinski* v. *Freedom of Information Commission,* 213 Conn. 126, 134–35, 566 A.2d 703 (1989). "We have consistently held that we do not render advisory opinions. If there is no longer an actual controversy in which we can afford practical relief to the parties, we must dismiss the appeal." *Sadlowski* v. *Manchester,* supra.

Nevertheless, there are exceptions to the mootness rule and all the parties argue that the doctrine of being "capable of repetition, yet evading review" is applicable to this case. We have held that " 'in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was reasonable expectation that the same complaining party would be subjected to the same action again.' " *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 498–99, 522 A.2d 264 (1987), quoting *Weinstein* v. *Bradford,* 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975).

The present case satisfies both prongs of the doctrine. Contracts that are entered into for two or three years would probably expire before any claims could be fully litigated. It was made clear to us that whether the plaintiff board of education has authority to enter into mul-

tiple one year contracts is an ongoing dispute among the parties. In these circumstances, public interest requires that the issues should be determined.

Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings.