[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut Resources Recovery Authority (hereinafter the "CRRA"), brought this appeal on April 30, 1991, from a decision of the defendant Ellington Planning and Zoning Commission (hereinafter the "Commission") in which the plaintiff was granted a special permit, subject to several conditions, to operate a solid waste fill in the town of Ellington. The plaintiff alleges in a three count complaint brought against the defendants the Commission, the Town Clerk of Ellington, the Thompson Family Land Trust, and Rachael T. deRham, that the conditions placed on the special permit are illegal, arbitrary and an abuse of the Commission's discretion. The underlying facts are as follows.
On April 2, 1991, the Commission granted the plaintiff's application for an extension of a previously granted special CT Page 4743 permit to operate a solid waste land fill pursuant to the Town of Ellington's Zoning Regulations sec. 7.7(f), subject to 32 conditions. By its terms the special permit expired on December 31, 1991. On October 18, 1991, the plaintiff applied for another extension of the special permit. In December 1991 the Commission granted a one year extension of the special permit to go into effect on January 1, 1992. The plaintiff, in this action, is appealing the imposition of the 32 conditions placed on the April 2, 1991 extension of the special permit. No appeal of the December 1991 extension has been taken.
The defendants have filed a motion to dismiss this appeal on the ground that the appeal is moot and the court lacks subject matter jurisdiction. In support of the motion to dismiss the defendants have filed a memorandum of law and an affidavit of Joseph Baker, Town Planner for the Town of Ellington. The plaintiff has filed a memorandum of law in opposition to the defendants' motion to dismiss. The defendants have filed a reply brief to the plaintiff's memorandum in opposition.
DISCUSSION
"The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. . ." Practice Book sec. 143. Whether a claim is moot or not implicates the subject matter jurisdiction of the court. Board of Education v. New Haven, 221 Conn. 214, 216, 602 A.2d 1018 (1992). "Any defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal." (emphasis added) General Statutes sec. 8-8 (j).
In the memorandum in support of the motion to dismiss, the defendants argue that the special permit has expired and therefore the appeal is moot. The plaintiff admits that the special permit that is the subject of this appeal has expired but argues that the appeal should not be dismissed for four reasons. The plaintiff first claims that since the defendants have answered the complaint they have waived their right to file a motion to dismiss. The plaintiff's second claim is that the appeal is not moot because the regulations under which the conditions were imposed, which the plaintiff seeks to have declared unconstitutional, have not been repealed. The plaintiff's third claim is that the one year time limitation placed on the special permit is an unconstitutional "condition". The last claim of the plaintiff is that even if the case is moot, the issues are "capable of repetition yet evading review," and as such the court has the authority to exercise jurisdiction over the claim. CT Page 4744
The plaintiff claims that the defendants have waived their right to file a motion to dismiss by filing an Answer to the complaint. The plaintiff cites Practice Book sec. 112 which contains the order in which pleadings are to be filed and Practice Book sec. 113, which states that "the filing of any pleading provided for by the preceding section [sec. 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section [sec. 112]."
Subject matter jurisdiction issues may be raised at any time. Park City Hospital v. Commission on Hospitals Health Care, 14 Conn. App. 413, 417, 542 A.2d 326 (1988). The plaintiff's claim that the defendants have waived the right to file a motion to dismiss is without merit.
The plaintiff's second and third claims can be dealt with together. In the second claim, the plaintiff argues that the appeal is not moot because the regulations under which the conditions were placed on the special permit are still in effect and are unconstitutional. The third claim is that the one year limitation is an unconstitutional "condition" on the special permit, and thus can be challenged even though the one year limitation has now expired. However, the one year limitation on the special permit is not a condition but is part of the town of Ellington's zoning regulations. See Zoning Regulations sec. 7.7(f)(8). Zoning Regulation sec. 7.7(f)(8) states in pertinent part: "Such permit shall be for a period of one year and shall be non-assignable without the express consent of the Commission." Accordingly, the one year limitation is part of the zoning regulations and not a condition to the special permit as suggested by the plaintiff. Thus, these claims of the plaintiff can be treated together as claims that the appeal is not moot because issues concerning the constitutionality of the regulations remain.
The defendants claim in their reply brief that the plaintiff cannot challenge the constitutionality of the regulations in this proceeding. The defendants claim that the appropriate method of challenging the constitutionality of the zoning regulations would be by a separate action and not as part of an appeal of the granting of the special permit pursuant to the regulations.
The court in Spero v. Zoning Board of Appeals, 217 Conn. 435,586 A.2d 590 (1991), discusses the appropriate method by which a person can challenge the constitutionality of zoning regulations. The court stated in pertinent part: CT Page 4745
 `[t]he rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality . . . A party, however, could of course attack the constitutionality of the zoning regulations in an independent proceeding' This rule requiring the validity of a zoning regulation to be independently challenged in a declaratory judgment action serves the important policy of `ensur[ing] that all affected landowners would be provided with an opportunity to become involved in the proceedings.'
(citations omitted) Spero, supra, 446. The plaintiff claims that the appeal is not moot because it is challenging the constitutionality of the zoning regulations including the provision in the regulations on the one year time limitation. However, in accordance with Spero, supra, the plaintiff cannot challenge the constitutionality of the zoning regulations which the plaintiff availed itself of in the same proceeding from which they appeal. Therefore, the plaintiff's claim that the appeal is not moot because it is seeking to challenge the constitutionality of the zoning regulations is without merit.
The last claim of the plaintiff is that the appeal is not moot because the decision appealed from is "capable of repetition, yet evading review." Plaintiff's Memorandum in Opposition to the Motion to Dismiss, p. 3. The defendant responds that this case does not meet the criteria of "capable of repetition, yet evading review."
The "capable of repetition, yet evading review" doctrine is an exception to the mootness rule. Board of Education, supra, 216. The court in Board of Education, supra, discusses when the doctrine of "capable of repetition, yet evading review" should be applied stating:
 `[I]n the absence of a class action, the `capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was reasonable expectation that the same complaining party would be subjected to the same action again.' CT Page 4746
(citations omitted, emphasis added) Board of Education, supra, 216. The parties at oral argument agreed that the one year time limitation placed on the special permit prevented the case from being fully litigated prior to the year expiring and therefore the first prong of the test was met. It is the application of the second prong on which the parties disagree.
The plaintiff argues that the regulations require that it apply for an extension each year and that this means that this plaintiff would be again subject to the same action. The defendants argue that the plaintiff is challenging the conditions placed on the special permit by the Commission and these conditions change from year to year and therefore the plaintiff could not be subject to the identical action again. The defendants point to the fact that the plaintiff applied for a second extension of the special permit, which was granted with different conditions than those being appealed here, and that the conditions of that second extension have not been appealed.
In the case of Shallow v. West Hartford Planning and Zoning Comm., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 366450 (November 8, 1990), the court was faced with a similar situation. In Shallow, the plaintiffs as abutters, appealed the decision of the Planning and Zoning Commission granting a one year renewal of a special permit to Mount Sinai Hospital. During the pendency of the appeal the special permit expired and a new one was issued containing "essentially the same four conditions as in the initial permit." Shallow, supra, 2. The plaintiffs only appealed the first renewal and not the one in effect at the time of the court's decision. The court decided that "although there is some risk that the issue may be moot, it is obvious that this is a case with issues `capable of repetition yet evading review'" and therefore decided the case on its merits. Shallow, supra, 2. See also Anjone v. Connecticut State Traffic Commission, 5 CSCR 977 (November 2, 1990, Mottolese, J.) (in action challenging annual permit issued by STC, court denied motion to dismiss on grounds of mootness).
Like Shallow, supra, in the case at bar the conditions placed upon the subject special permit and the conditions placed upon the renewal of the special permit are "essentially the same." While the plaintiff did state at oral argument that the conditions placed on the renewal of the special permit are not identical to those of the subject special permit, that a reading of the conditions on previous special permits for this plaintiff, provided by the defendants at oral arguments, together with the conditions of the subject special permit, demonstrate that the conditions are essentially the CT Page 4747 same. The issues raised by the plaintiff surrounding the conditions placed on the special permit are reasonably likely to be the subject of the same action again. The requirements of the second prong of the "capable of repetition yet evading review" doctrine has been fulfilled. Therefore, since both prongs of the "capable of repetition yet evading review" doctrine have been fulfilled, the defendants' motion to dismiss is denied.
BY THE COURT,
HON. ROBERT MCWEENY SUPERIOR COURT JUDGE