[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two appeals were filed at the same time and concern two decisions of the Darien Zoning Board of Appeals (hereafter called the Board), denying an appeal from a decision of the Zoning Enforcement Officer (299972) and denying a variance (299973) for the extension of a zoning permit previously issued to the plaintiff. Since the appeals involve basically the same issues and are based upon the same facts they are decided together. While the case has been extensively briefed by both sides on a motion to dismiss and on the merits, some of the procedural history of the case is not germane to the outcome of either appeal, which in the final analysis comes down to a few basic facts and legal concepts. For example, both sides have extensively discussed prior litigation involving the plaintiff Ann Lunn in her attempt to bypass restrictive covenants imposed by the Tokeneke Association Inc., which administers restrictive covenants over all property in the Contentment Island section of Darien where the subject property is located. In 1983 the plaintiff and an abutting property owner Nancy Glanville acquired a 3.9 acre parcel as tenants in common. The parcel was across the street from their respective adjacent house lots but separated from those lots by Contentment Island Road. The Darien Planning and Zoning Commission approved an application to divide the 3.9 acres parcel between them, for the sole purpose of annexation of these lots to their own house lots and not as separate building sites. The Tokeneke Association remained unwilling to waive the restrictive covenants on the lot CT Page 1919 retained by Lunn to allow a construction of a residence, and litigation in the Superior Court resulted in an injunction against the plaintiff constructing a residence in violation of the restrictive covenant until 2000. This decision was appealed to the Supreme Court, which affirmed the judgment in Lunn v. Tokeneke Association, Inc., 227 Conn. 601 (1993).
Since the subject property was considered a waterfront lot under the Darien Zoning Regulations, it needed a special permit, which the Planning and Zoning Commission granted in July 1987 when it granted subdivision approval. Section 1009 of the Zoning Regulations provides that a special permit expires one year after approval unless a zoning permit is issued by the Zoning Enforcement Officer, but an extension of not more than six months can be granted by the Commission upon written application prior to the expiration date of the special permit. In applying this and similar sections of the Zoning Regulations, Town officials have interpreted the ordinance as allowing an extension of time for the special permit, or a tolling of the one year time limit, where an appeal is taken from approval of the special permit. While not based upon it, this interpretation is consistent with Fromer v. Two Hundred Post Associates, 32 Conn. App. 799, 802. Here the special permit issued to the plaintiff was appealed by abutting property owners, the appeal was dismissed by the Superior Court and certification was denied by the Appellate Court on November 15, 1989. The Town has taken the position that the successful appeal by the neighbors had the effect of extending the time limit for implementing the special permit for one year after the litigation was concluded, namely until November 15, 1990. Lunn requested and received a six month extension of the special permit, pursuant to 1009, which extended it until May 15, 1991.
Under 1009 the special permit does not expire if a zoning permit is obtained from the zoning enforcement officer. Shortly before the May 15, 1991 deadline the plaintiff obtained a zoning permit. Section 1102b states that "a zoning permit shall be valid for a period of one year only. The ZEO may extend the permit for one additional year, provided substantial work has been done during the period." The zoning permit was issued to Lunn by the Zoning Enforcement Officer but was appealed to the Zoning Board of Appeals by neighborhood opponents. On September 25, 1991 the Board upheld the decision of the zoning enforcement officer extending the zoning permit. No further appeal was taken.
Under the Town's interpretation of the regulations a one year CT Page 1920 time limit under 1102b made the zoning permit valid until September 25, 1992. In the meantime the litigation between Lunn and the Tokeneke Association was ongoing, and it was apparent that it would not conclude by September 25, 1992. Accordingly, the plaintiff applied for a one year extension of the zoning permit prior to the September 25, 1992 deadline. The zoning enforcement officer denied the request for a one year extension around September 1, 1992. The plaintiff then appealed the denial of the extension of the zoning permit to the Board, and also filed an application for a variance of 1102b. Both applications were heard by the Board and denied on October 14, 1992. The plaintiff then brought these two appeals. In the appeal from the denial of the extension of the special permit, the plaintiff requested an order extending the permit for the additional year, namely until September 25, 1993.
The plaintiff, Ann Lunn, is the owner of the property involved in this appeal, and the unsuccessful applicant for extension of the zoning permit and for a variance of the one year time limit in the zoning regulations for zoning permits. She has a unique and special interest in both applications, and is adversely affected by the Board's decision on both of them, and has proven aggrievement under 8-8 of the General Statutes. Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488.
The defendant has filed a motion to dismiss both appeals on the ground that the zoning permit requested by the plaintiff is academic because she cannot build on the property any way because of the restrictive covenants, which bar construction until the year 2000. Citing a series of cases, the defendant argues that even if the zoning permit is issued to the plaintiff it provides her no practical benefit because the injunction upheld in Lunn v. Tokeneke Association, Inc., supra, prevents construction on the lot anyway, in effect making the zoning permit a useless piece of paper. The plaintiff counters that if she obtains the zoning permit she may be able to make a deal with the Tokeneke Association and get it to waive or modify the restrictive covenant. The moot question concept states that where no practical relief can follow from a decision by the court, the question should not be decided, McCallum v. Inland Wetland Commission, 196 Conn. 218, 225. The moot question doctrine goes to subject matter jurisdiction. Sadlowski v. Manchester, 206 Conn. 579, 583. A moot question only exists where no practical relief can follow from a decision of the court, and there are no collateral legal consequences. Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 452. CT Page 1921
Even if the defendants' argument on the preclusive effect of the restrictive covenant upon development of the lot is ignored, the appeal from the Board's decision upholding the decision of the Zoning Enforcement Officer has become moot. Section 1102b would have allowed the Zoning Enforcement Officer to extend the zoning permit for one additional year provided substantial work was done during the initial year the zoning permit was in effect. The most the Zoning Enforcement Officer could have done would be to extend the zoning permit until September 25, 1993, and that in fact was the date requested in the plaintiff's appeal. When this case was tried in January 1994 that date had passed, and an order of the court sustaining the appeal would be academic. The permit had already expired, and the Zoning Enforcement Officer had no authority under the zoning regulations to extend it beyond September 25 1993 in any event. For reasons discussed below, the rule stated in Fromer v. Two Hundred Post Associates, supra, does not extend the effective date of the zoning permit. Accordingly, that appeal is dismissed and will not be considered on the merits.
The appeal from the denial of the variance presents a closer question. However, it is not clear that the existence of the restrictive covenant and its potential enforcement by the Tokeneke Association until 2000 precludes the Board from granting a variance, or judicial review of denial of a variance. There is, as the plaintiff contends, the possibility that the Association may waive the restriction, although the history of heated litigation here suggests otherwise. When a land use agency reviews applications to it, it cannot properly consider private property interests and deed restrictions. Moscowitz v. Planning and Zoning Commission, 16 Conn. App. 303, 318 n. 8; Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 58, 59. The plaintiff also contends that the appeal process tolls the time limit on the zoning permit. This question is likely to arise again if the plaintiff requests another zoning permit to build a residence on the subject property, and construction delays and problems caused by the restrictive covenant require a variance from the one year time limit. There is an exception to the moot question rule for a situation capable of repetition yet evading review where (1) the challenged action was of duration to short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. Board of Education v. New Haven, 221 Conn. 214, 216 and cases cited therein; Orsi v. Senatore, 31 Conn. App. 400, 425. The motion to dismiss is denied CT Page 1922 as to the variance appeal.
The variance application requested the board to vary the one year time limit in 1009 and 1102b to allow the plaintiff to complete construction on the property within one year after the conclusion of the injunction action enforcing the restrictive covenant. In order for a zoning board of appeals to grant a variance under 8-6 (3) of the General Statutes, (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368; Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. Section 1123 of the Darien Zoning Regulations has similar requirements. Where a zoning board of appeals denies a variance, the question on appeal is whether any of the reasons are valid and supported by the record. Green v. Zoning Board of Appeals, 4 Conn. App. 500, 502; Rogers v. Zoning Board of Appeals, supra. The court does not substitute its judgment for that of the board as long as an honest judgment has reasonably and fairly been made after a full hearing. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731, 732. Here the board made an extensive finding containing several interrelated reasons collectively amounting to failure of the applicant to demonstrate hardship. It concluded that the predicament of the plaintiff was caused by litigation decisions made by her which were not related to conditions or circumstances which were unique to the geographical features of the property, and that delays resulting from litigation over private enforcement of a restrictive covenant were not a hardship created by the strict application of the zoning regulations.
A person is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in the same zoning district, namely where the hardship is not unique or unusual. Carini v. Zoning Board of Appeals,164 Conn. 169, 172; Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,238; Belknap v. Zoning Board of Appeals, 155 Conn. 380, 383. In order to obtain a variance there must be some peculiar characteristic of the property so that strict application of the zoning regulation produces an unusual hardship as opposed to the general impact which the regulation has on other properties in the zone. Laurel Beach Ass'n. v. Zoning Board of Appeals, 166 Conn. 385,388. Hardship caused because of an individual's personal CT Page 1923 needs, preferences and circumstances together with the requirements imposed by the zoning regulations amount to a personal hardship which is not a ground for the granting of a variance. Garibaldi v. Zoning Board of Appeals supra, 239
Difficulty caused by a private restrictive covenant is not considered a hardship caused by the zoning regulations which is sufficient to allow a variance. Allen v. Zoning Board of Appeals,155 Conn. 506, 511. The delay in commencing construction resulted from the fact the restrictive covenant prevented building on the lot, so the request for the Board to grant a variance of the time limit is directly related to the private restriction, not the Zoning Regulations. The restrictions on construction caused by the restrictive covenant also apply to other properties in the area within the Tokeneke Association. The plaintiff does not have a hardship which is different from other nearby property owners similarly situated, so the hardship is not unique. The Board was correct that the delay caused by private litigation was not the type of hardship which allows the granting of a variance of the time limit on zoning permits. It is unnecessary to consider the Board's other finding that the plaintiff's hardship was self-created.
The plaintiff's final claim which applies to both appeals, was that Fromer v. Two Hundred Post Associates, supra, tolls the time limits on the special permit and zoning permit until all the litigation is concluded. The effect of that argument if applied here would allow the plaintiff here to stretch the duration of the permits from 1987 to 1994. The plaintiff's reliance upon Fromer is misplaced. That case dealt with the problem where the successful applicant to an administrative agency obtained an administrative permit (there an inland wetlands permit to conduct regulated activities) and could not use the permit because an appeal taken by an opponent delayed use of the permit beyond the time limit in the regulations. Fromer followed the concept stated in decisions of other states that it was unreasonable for the successful applicant to lose the permit because of the delays in the appeals process, and unless the appeal tolls the time period, the approval of the administrative permit becomes meaningless. "The regulatory process is not designed to be a spider's web, snaring one who follows all the regulations and statutes, obtains all the necessary permits, and successfully defends a series of appeals, but then loses his right to proceed because the passage of time has caused the permits to expire." Fromer v. Two Hundred Post Associates, supra, 811. The Fromer rule protects only the successful applicant. The court in Fromer concluded: "since there is a void in the statutory CT Page 1924 scheme for the protection of the appellee developer in this case, we hold that on the facts of this case the time limitations on the permit are tolled until this litigation is terminated." Id. 810.
The same policy reasons do not apply to extending the time limit for permits when the applicant requests and is denied an extension by the administrative agency. Unsuccessful applicants to agencies should not be able to buy time merely by appealing unfavorable decisions from the agency. In addition, the plaintiff has not identified any authority that collateral private litigation to the administrative appeal itself tolls the time limits for use of administrative permits.
In this case the Board could properly find that there was no hardship and that the plaintiff had enough extensions on her zoning permit. Moreover, it is unclear why the plaintiff cannot simply apply for another similar special permit, and upon obtaining it, request another zoning permit.
Both appeals are dismissed.
ROBERT A. FULLER, JUDGE