[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Wiggin Dana for defendant.
The present case involves an appeal from a decision of the Probate Court, upholding an administrative decision to administer involuntary medication to a patient being treated at a hospital specializing in mental illness. Between April 25, 1994 and May 27, 1994, the plaintiff, Sharon Perry, was an involuntary patient at Elmcrest, a hospital specializing in the treatment of mental illness, pursuant to a physician's emergency certificate under General Statute § 17a-502.
While at Elmcrest, the plaintiff's attending psychiatrist recommended that the plaintiff take antipsychotic and antidepressant medication. The plaintiff refused and Elmcrest conducted an internal review hearing, in accordance with Conn. Public Act No. 93-369 § 1(d), to determine whether the medication should be involuntarily administered to the plaintiff.
At the internal review hearing, the hearing officer, Dr. Shapiro Weiss, concluded that the plaintiff was subject to involuntary medication under P.A. 93-369, because her condition rendered her incapable of giving informed consent, and because her condition was deteriorating.
On May 12, 1994, the plaintiff appealed the hearing officer's decision to the probate court. The plaintiff requested a finding by the probate court that medication should not have been involuntarily administered to her, because insufficient evidence existed in the record to establish that she was — and is — incapable of providing informed consent, and that her condition wasrapidly deteriorating, prior to the internal review hearing.
On May 17, 1994, the probate court held a hearing on the matter. The plaintiff was represented at the hearing by counsel and by her advocate, Susan Werboff. After taking evidence and hearing argument, the probate court found that the statutory requirements for involuntarily medicating a patient under P.A. 93-369 had been met because, at the time of the internal review hearing, the plaintiff's "condition was deteriorating" and the plaintiff was "incapable of giving informed consent as to whether or not to take the medication."
On June 20, 1994, the plaintiff filed an appeal from the probate court's decision, pursuant to General Statutes § 45a-186 et seq., on the ground that the court erred in one or more of the following ways: CT Page 11366
 a) it found the plaintiff's condition was deteriorating despite the lack of evidence in the record to substantiate a showing of "rapid deterioration," as required by P.A. 93-369(1)(d);
 b) it found the hearing officer's decision to involuntarily administer medication to the plaintiff to be correct and proper, in violation of P.A. 93-369(a)(d);
 c) it failed to make a finding as to whether the hearing officer's decision that the plaintiff was incapable of providing informed consent was erroneous; and
 d) it failed to make the appropriate findings required by P.A. 93-369 1(d) and (e).
In her appeal to this court, the plaintiff seeks a reversal of the probate court's decision and an order requiring that future decisions contain the appropriate factual findings, as required by P.A. 93-369.
On August 18, 1994, the defendant, Ralph Speery, the Chief Executive Officer of Elmcrest Hospital, filed a motion to dismiss the plaintiff's complaint, and a memorandum of law in support thereof, on the ground that the matter before the court is moot. In response, the plaintiff filed a memorandum of law in opposition on September 13, 1994.
A motion to dismiss is the proper vehicle to challenge the court's jurisdiction to hear a particular controversy. Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[M]ootness implicates subject matter jurisdiction," Board of Education v. NewHaven, 221 Conn. 214, 216, 602 A.2d 1018 (1992) (per curiam), and is therefore a proper subject of a motion to dismiss. Where an appeal has been rendered moot by changed circumstances under which the court can no longer provide practical relief, the court lacks subject matter jurisdiction. Hartford Principals' Supervisors'Assn. v. Shedd, 202 Conn. 492, 496-98, 522 A.2d 264 (1987).
Thus, as a general rule, an actual controversy must exist between the parties in order for the court to have jurisdiction over the action, Perry v. Perry, 222 Conn. 799, 803, 611 A.2d 400
(1992), overruled in part, on other grounds, Bryant v. Bryant, CT Page 11367228 Conn. 630, 636 n. 4, 637 A.2d 1111 (1994), because "the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law." (Citation omitted; internal quotations marks omitted.) Shays v. Local Grievance Committee, 197 Conn. 566, 571,499 A.2d 1158 (1985). See also Grace Community Church v. Bethel,30 Conn. App. 765, 769, 622 A.2d 591 (1993), U.S. appeal pending (it is not the province of the courts to decide moot questions which are disconnected from the granting of actual relief, or from the determination of which no practical relief can follow).
In support of his motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction over the present matter, because the appeal before the court presents no actual and existing controversy, and, therefore, the plaintiff's claims are moot. Specifically, the defendant argues that, because the plaintiff has been discharged from Elmcrest and is no longer subject to the probate court's order allowing involuntary medication, the only relief the plaintiff currently seeks is a reversal of the probate court's factual findings, rather than a resolution of a specific case or controversy. In response, the plaintiff argues that the matter should not be dismissed because the case is "capable of repetition yet evading review." Specifically, the plaintiff argues that, in addition to making erroneous factual findings that were unsupported by the evidence in the record, the probate court also misinterpreted and misapplied P.A. 93-369 by failing to consider the criteria required under the statute when it issued its decision. For this reason, the plaintiff argues that the merits of her claim must be addressed, in order to ensure that the standards and protections of the statute will be afforded to the plaintiff and other patients in the future.
The Supreme Court has recognized that an appeal from a decision that is no longer in effect is moot. See ConnecticutFoundry Co. v. International Ladies Garment Workers Union,177 Conn. 17, 20, 411 A.2d 1 (1979) (appeal seeking "the invalidation of an injunction which no longer exists" held moot). The court has also recognized, however, that it may be appropriate to consider an otherwise moot case, if the issue raised in the case is "capable of repetition, yet evading review." See, e.g., Board of Education v.Board of Labor Relations, 205 Conn. 116, 125-29, 530 A.2d 588
(1987).
The "capable of repetition, yet evading review" exception may apply if "(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there CT Page 11368 [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Id., 126, quotingHartford Principals' and Supervisors' Assn. v. Shedd, supra,202 Conn. 499. However, in determining whether to rely on this mitigating principle, the Connecticut Supreme Court has also held that "other relevant factors" should also be considered before deciding to hear the dispute. Board of Education v. Board of LaborRelations, supra, 205 Conn. 126; Delevieleuse v. Manson, 184 Conn. 434,437, 439 A.2d 1055 (1981). Among the factors that the court has identified are: "(1) the public importance of the question presented; (2) the potential effect of the ruling on an ongoing program of the state's penal or civil system; and (3) the possibility of a similar effect on the plaintiff himself in the future." (Citations omitted.) Board of Education v. Board ofLabor Relations, supra, 205 Conn. 126. Thus, "the `capable of repetition, yet evading review' principle [is] not, in and of itself, a justification for reviewing an admittedly moot case but [is] merely one factor to be considered when faced with a potentially moot matter." (Internal quotation marks omitted.) Id., 126-27, citing Waterbury Hospital v. Connecticut Health CareAssociates, 186 Conn. 247, 253 n. 5, 440 A.2d 310 (1982);Delevieleuse v. Manson, supra, 184 Conn. 437 n. 2.
The court finds that the present case falls within the "capable of repetition yet evading review" exception to the mootness doctrine, as the mitigating factors set forth above are satisfied. Pursuant to P.A. 93-369 § 1(d), any order to administer involuntary medication entered as a result of an internal hearing is only valid for thirty (30) days or until a subsequent decision of the probate court, whichever is sooner. Moreover, § 1(g) provides that similar orders issued by the probate court are only valid for one hundred twenty (120) days. Based on these statutory limits regarding the validity of involuntary medication orders, it is extremely unlikely that any patient subject to such an order would be able to fully litigate an appeal regarding the order prior to its expiration. See, e.g., Hartford Principals' Supervisors'Assn. v. Shedd, supra, 202 Conn. 499 (matter not moot, because bargaining agreement of usual two or three year duration would probably expire before claims engendered by mid-term disputes could be fully litigated). See also Blackburn v. Normandin, Superior Court, judicial district of Middlesex, Docket No. 70011 (Arena, J., September 27, 1993) (challenge of transfer per PEC 15 day commitment order). Moreover, because the statute applies only to inpatients, the duration of such orders may be further shortened by a patient's discharge from the facility. For these reasons, the CT Page 11369 challenged action in the present case is too short in duration to be fully litigated prior to its cessation or expiration.
Additionally, the record demonstrates more than a possibility that the plaintiff may be subjected to the same challenged action in the future. The record illustrates that the plaintiff has undergone treatment for mental illness for several years. Indeed, the admission at issue in this case was only "one of multiple psychiatric admissions and the seventh to Elmcrest" for the plaintiff. Moreover, the plaintiff is currently receiving treatment from Gilead House, the outpatient mental health services facility which performed the assessment of the plaintiff that led to her most recent hospitalization.[1] Given the plaintiff's psychiatric history and the purpose of her most recent admission, it is reasonable to conclude that she will likely be subject to hospitalization and similar proceedings in the future. See, e.g.,LaFleur v. Hogan, Superior Court, judicial district of Hartford, Docket No. 370170 (Walsh, J., October 13, 1993) (matter held not moot, because it was not unreasonable to expect that individual with history of mental illness could require hospitalization in the future). See also Perry v. Perry, supra, 222 Conn. 803 (matter not moot, because defendant likely to be involved in future disputes concerning his child support obligations); Taylor v. Robinson,171 Conn. 691, 694, 372 A.2d 102 (1976) (matter not moot, because plaintiff could be similarly affected in future should he be convicted and imprisoned again).
Further, the treatment of patients in state and private mental health facilities is a matter of significant public importance. See LaFleur v. Hogan, Superior Court, judicial district of Hartford, Docket No. 370170 (Walsh, J., October 13, 1993) (recognizing that treatment in state mental health facilities is a matter of public importance); see also legislative history of H.B. 7288 at Judiciary, 1993, pp. 2700-02, 2706-08, 2753-58, 2801-04, 2809-11. 2820-28, 3018-42.
The defendant's motion to dismiss is denied.
STANLEY, J.