[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant matter was brought by the plaintiff, a Middletown resident and taxpayer, against the Common Council of the City of Middletown and the Mayor of Middletown. The plaintiff claims that the defendants reduced the net taxable grand list for the 2000-2001 budget year by $46,000,000.00, the amount of tax credits provided to senior citizens under the Connecticut Elderly Tax Relief Act, General Statutes §§12-17Oaa et seq. This reduction in the grand list allegedly resulted in an increase in taxes for other taxpayers. The plaintiff claims that this reduction is illegal because these tax credits actually total only $10,050,000.00 and further claims that the state reimburses the city for 100% of such credits, resulting in no loss to the city and making any reduction in the grand list inappropriate. The plaintiff seeks an Order of Mandamus[1] compelling the defendant to publish a corrected 2000-2001 budget with no such reduction and preventing the defendants from taking such a reduction in the future.
The defendants filed a Motion to Strike (#123) the plaintiff's complaint. The plaintiff filed his Memorandum of Law in Opposition to Motion to Strike (#126) within which he states, "[a]lthough following the commencement of this litigation the Defendants have discontinued this practice, the action remains pending in order to block the City from resuming the practice following termination of the case." (P. 3, note 1.)
Thereafter, the Defendants filed their Response to Memorandum of Law in Opposition to Motion to Strike (#126.50), claiming that the plaintiff's action is now moot since the practice complained of has been discontinued. The defendants seek the dismissal of the matter for lack of subject matter jurisdiction. The plaintiff, in his Supplemental Memorandum in Opposition to Motion to Strike dated March 22, 2002, claims that the matter is not moot because the plaintiff seeks to prevent the practice from being reinstituted in the future.
"Since mootness implicates subject matter jurisdiction. . . . it can be raised at any stage of the proceedings." (Citation omitted.) Board ofEducation v. New Haven, 221 Conn. 214, 216, 602 A.2d 1018 (1992). "If there is no longer an actual controversy in which [the court] can afford practical relief to the parties, [the court] must dismiss the appeal." Id., 216. "[W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Citations omitted.) Park City Hospital v.Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989).
An exception to the mootness rule exists for situations that are "capable of repetition, yet evading review." Board of Education v. NewHaven, supra, 221 Conn. 216. A court may decline to dismiss a case for CT Page 6955 mootness if "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] reasonable expectation that the same complaining party would be subjected to the same action again." Id. "It is well established that an appeal is considered moot if there is no possible relief that the . . . court can grant . . . even if the court were to be persuaded that the [claimant's] arguments are correct." Wallingford Center Association v.Board of Tax Review, 68 Conn. App. 803, 807, ___ A.2d ___ (2002). The court "must look to additional factors to determine whether [it] should decide the issue even though it may have no immediate practical consequences to a party. . . . Some of those factors include whether the issue (1) could affect an ongoing program of the state penal or civil system, (2) could affect the complaining party in the future, and (3) involves a matter of public importance. . . . No one factor is controlling, nor must all of the above factors be present. To decide the applicability of the exception, [the court] must instead review the circumstances of each case." Goodson v. State, 228 Conn. 106, 115,635 A.2d 285 (1993).
Since the defendants have ceased the practice that the plaintiff complains of, the present factual scenario does render the plaintiff's complaint moot. While it is conceivable that the defendants could resume the practice, if that were to occur, the plaintiff may challenge that budget by the means provided in the Middletown City Charter.[2]
The plaintiff's action is presently moot, and while the practice is "capable of repetition," it does not "evade review." Therefore, this court lack subject matter jurisdiction over the instant complaint. Accordingly, the instant complaint is hereby ordered dismissed.
BY THE COURT
Brian Fischer Superior Court Judge