TIBER HOLDING CORPORATION ET AL. *v.*
DANIEL S. GREENBERG
(13021)

DUPONT, C. J., and FOTI and SCHALLER, Js.
Argued November 1, 1994—decision released January 31, 1995

*Kathryn L. Braun,* for the appellant (defendant).

*Lisa D. Galati,* for the appellee (plaintiffs).

PER CURIAM. This is an appeal from the judgment of the trial court denying the defendant's motion for reconsideration of the defendant's claim for expenses incurred in copying records requested by a subpoena duces tecum. The plaintiffs had brought a petition to compel the defendant to comply with a subpoena duces tecum that was served on the defendant in connection with an action pending in Pennsylvania, in which the defendant was not a party. The defendant sought monetary compensation for his efforts in complying with the subpoena. The trial court awarded him $206.85. This judgment was rendered and issued by mail on October 9, 1992.

On August 12, 1993, the defendant's counsel filed a supplemental motion for reconsideration and on October 22, 1993, the trial court issued notice of the denial of the motion. The defendant's appeal was filed on November 10, 1993. The defendant did not file an

appeal within twenty days of the date of the original judgment of October 9, 1992, nor did he file a motion for reconsideration[1] within twenty days of the original judgment. Practice Book § 4009.

On appeal from a denial of a motion to open a judgment or to reconsider or reargue, where there has been no appeal from the underlying judgment or motion to open within twenty days, the good cause required to open that judgment cannot involve the merits of the judgment. *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 639, 626 A.2d 804 (1993). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." Id., 640. This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal.

---

[1] A motion to reargue or reconsider is proper even if no provision for reargument is provided in the rules of practice. *Steele* v. *Stonington,* 225 Conn. 217, 219 n.4, 622 A.2d 551 (1993); see also 1 Connecticut Practice, W. Moller & W. Horton, Practice Book Annotated (Sup. 1995) § 196, comment. In *Steele,* the Supreme Court noted that, "[n]otwithstanding the absence of a rule or statute, it is the inherent authority of every court, as long as it retains jurisdiction, to reconsider a prior ruling. As the United States Supreme Court has said: 'It is a power inherent in every court of justice so long as it retains control of the subject matter and of the parties, to correct that which has been wrongfully done by virtue of its process.' (Internal quotation marks omitted.) *United States* v. *Morgan,* 307 U.S. 183, 197, 59 S. Ct. 795, 83 L. Ed. 1211 (1939); see *Board of Education* v. *New Haven,* 221 Conn. 214, 215, 602 A.2d 1018 (1992) ('[i]t is puzzling to us why, after the trial court rendered the judgment of dismissal, none of the parties ever sought to reargue the dismissal before the trial court'). If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order, provided it retains jurisdiction over the subject matter and the parties." *Steele* v. *Stonington,* supra, 219 n.4; see also W. Horton & S. Cormier, Rules of Appellate Procedure (1995 Ed.) § 4009, comment 3.

The defendant's claims on appeal all relate to the merits of the underlying judgment,[2] rather than to whether the trial court abused its discretion in not reconsidering the judgment. We may not review the claims raised.

The appeal is dismissed.

[2] On appeal, the defendant claims as follows: "Did the Trial Court err in refusing to reconsider a decision denying most of a non-party witness' claim for reimbursement of costs, fees and expenses incurred in producing materials subpoenaed for a deposition, where: a) the witness was denied due process of law and a full and fair opportunity to be heard; b) the witness was treated inequitably and was not afforded the consideration given pro se parties in accordance with established Connecticut law; c) the decision was premised solely on an erroneous conclusion of law and was not supported by the relevant evidence and law?"