[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on respondent's motion to reconsider, modify and/or clarify the court's decision of April 20, 1995.
On May 1, 1995, the respondent, Commissioner of Corrections, moved the court to reconsider, modify and/or clarify its decision of April 20, 1995. In its April 20, 1995 Memorandum of Decision, the court found that the automatic designation of SRGSTM (Security Risk Group Safety Threat Member) "without a modicum of due process deprives a prison[er] of a protected liberty interest." Cantafio v. Meachum, Superior Court, Judicial District of Danbury, Docket No. 31 71 89, p. 19 (April 20, 1995, Mihalakos, J.). The court held that "[t]he petitioner here is entitled to the Wolff [v. McDonnell, 418 U.S. 539, 563,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974),] court's procedures before being deprived of a liberty interest, notice, a written statement of the evidence and the reasons for a SRGTM designation, a hearing, and the opportunity to be heard." Cantafio v. Meachum, supra, p. 20. Although the respondent provided Cantafio with the Wolff
hearing "in May, months after the initial automatic designation," id., Cantafio never received written notice of the redesignation prior to the hearing. (Petitioner's Exhibit 12; Testimony of Michael Cantafio, R. at 110, 131.) Therefore, the court found that the process provided to Cantafio failed to comply with the constitutional minimum as required by Wolff v. McDonnell, supra,418 U.S. 563. Cantafio v. Meachum, supra, p. 20.
As a remedy for the constitutional violation, the court held that "since the respondent forfeited prospective good time credits on February 15 without the requisite hearing, this court orders the respondent to recalculate the petitioner's good time credits, taking into consideration the credits he might have earned, subject to any deduction for misconduct during those CT Page 5798 three months." Id., 20-21. The effect of this remedial order is to allow Cantafio to be released from the custody of the respondent earlier than he otherwise would have been.
The respondent filed its "Motion to Reconsider, and to Modify and/or Clarify" pursuant to Practice Book, Sec. 204A. "A motion to reargue or reconsider is proper even if no provision for reargument is provided in the rules of practice." Tiber HoldingCorp. v. Greenberg, 36 Conn. App. 670, 671 n. 1, 652 A.2d 1063
(1995). "`It is a power inherent in every court of justice so long as it retains control of the subject matter and of the parties, to correct that which has been wrongfully done by virtue of its process.'" Id., quoting United States v. Morgan, 307 U.S. 183,197, 59 S.Ct. 795, 83 L.Ed.2d 1211 (1939). "`If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order, provided it retains jurisdiction over the subject matter and the parties.'" Id., citing Steele v. Stonington, 225 Conn. 217, 219 n. 4,622 A.2d 551 (1993).
Since the court has found a violation of Cantafio's constitutional rights in this matter, it must "dispose of the case as law and justice require." General Statutes, Sec. 52-470(a). "In the exercise of its power under 52-470 to grant such relief `as law and justice require,' the trial court, much like a court of equity, has considerable discretion to frame a remedy, so long as that remedy is commensurate with the scope of the constitutional violations which have been established. See, e.g.,Milliken v. Bradley, 433 U.S. 267, 279-81, 97 S.Ct. 2749,53 L.Ed.2d 745 (1977)." Gaines v. Manson, 194 Conn. 510, 528,481 A.2d 1084 (1977).
In Milliken v. Bradley, supra, a desegregation case, the United States Supreme Court articulated a three factor "equitable principle" test for selecting the appropriate remedy for a constitutional violation. "Application of those `equitable principles, ' we have held, requires federal courts to focus upon three factors. In the first place, like other equitable remedies, the nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation. [Citations omitted.] The remedy must therefore be related to `the condition alleged to offend the Constitution. . . .' [Citations omitted.] Second, the decree must indeed be remedial in nature, that is, it must be designed as nearly as possible `to restore the victims of discriminatory conduct to the position they would have occupied CT Page 5799 in the absence of such conduct.' [Citations omitted.] Third, the federal courts in devising a remedy must take into account the interests of state and local authorities in managing their own affairs, consistent with the Constitution." (Emphasis in original.) Milliken v. Bradley, supra, 433 U.S. 280-81. The fundamental purpose of the remedy is that the victim of the constitutional violation be returned to the status quo ante. Id.; see also Copas v. Warden, 30 Conn. App. 677, 686-87,612 A.2d 1378, cert. denied, 226 Conn. 901, 625 A.2d 1374 (1993) (where court found ineffective assistance of counsel at sentencing hearing it was error for trial court to reverse the judgment of conviction; rather, appropriate remedy was to afford petitioner new sentencing hearing).
The condition alleged to have offended the constitution in this case is that the respondent failed to provide Cantafio with notice of the charges and a hearing prior to his being designated a SRGSTM. Further, in order to restore Cantafio, the victim of the constitutional violation, to the position he would have occupied in the absence of such conduct, all that is necessary is that the respondent provide Cantafio with a hearing that would satisfy the Wolff v. McDonnell standard as articulated in the court's initial decision. Cantafio v. Meachum, supra, p. 20. Lastly, in order for the respondent to manage his own affairs consistent with the constitution, it must provide every inmate with the procedural due process protections set forth by the United States Supreme Court in Wolff v. McDonnell, supra.
As a result, an appropriate remedy to cure the respondent's violation of Cantafio's constitutional rights would be to provide Cantafio with a Wolff v. McDonnell hearing, that includes notice, a written description of the charges and a meaningful opportunity to be heard. Wolff v. McDonnell, supra, 418 U.S. 563; see Cantafio v. Meachum, supra, p. 20; see also Copas v. Warden, supra, 30 Conn. App. 686-87 (remedy must be "commensurate with the habeas court's decision"); Kingsley v. Bureau of Prisons,937 F.2d 26, 27, 31 (2d Cir. 1991) (court held that a new disciplinary hearing was required as a remedy for the prison warden's failure to allow the petitioner to call witnesses on his behalf in a disciplinary hearing; if the hearing was not held within a reasonable time the penalty imposed on the petitioner would be expunged). In United States ex rel. Bey v. ConnecticutState Board of Parole, 443 F.2d 1079, 1089-90 (2d Cir. 1971), the Second Circuit held that a conditional order granting a new hearing is "usually appropriate" in the situation where the CT Page 5800 initial hearing was found to be lacking in due process. As an impetus for the warden to conduct a new hearing, the John Bey
court held that the prisoner would be released if a new hearing was not provided within a reasonable time. Id.
Based on the foregoing, the court grants the respondent's motion for reconsideration and modifies its April 20, 1995 Memorandum of Decision, and orders that the matter be returned for a new hearing, with the proper notice and a written description of the charges and a meaningful opportunity to be heard within a reasonable time.
Mihalakos, J.