## CHARLOTTE STEPHEN *v.* RHONDA L. HOERLE ET AL.
### (13174)

O'Connell, Foti and Heiman, Js.

Argued April 18—decision released September 12, 1995

*Hugh J. Lavery*, for the appellant (plaintiff).

*John W. Mills*, with whom, on the brief, were *Alan Chandler* and *Kathleen Paul*, for the appellees (defendants).

*Lawrence W. Berliner*, filed a brief for the office of protection and advocacy for persons with disabilities as amicus curiae.

O'CONNELL, J. This is an action for damages arising from an automobile accident. The plaintiff alleged that the defendants negligently caused her to suffer serious injuries, including the exacerbation of preexisting agoraphobia.

The defendants noticed the plaintiff's deposition to be taken on July 19, 1993, at the office of the defendants' attorney in Bridgeport. The plaintiff filed a motion for a protective order, claiming that her agoraphobia prevented her from traveling to Bridgeport and constituted good cause, pursuant to Practice Book § 221, for relocating the deposition to her home town of Newtown. On August 16, 1993, the trial court denied the motion.

The plaintiff filed a second motion for a protective order, again seeking to have the location of the deposition then scheduled for August 20, 1993, changed. The defendants thereafter moved for a nonsuit because of the plaintiff's failure to appear at that deposition. On October 12, 1993, the trial court denied the plaintiff's second motion for a protective order, ruling that the plaintiff failed to demonstrate that she could not travel to Bridgeport and thus failed to establish good cause. On the same date, the court granted the defendants' motion for a judgment of nonsuit. On November 2, 1993, the plaintiff filed a motion to open the judgment of

nonsuit and a motion to reargue her second motion for a protective order. The trial court denied both motions on December 13, 1993.

On appeal, the plaintiff claims that the trial court improperly (1) failed to hold an evidentiary hearing before ruling on her motions for protective orders, the defendants' motion for nonsuit or the plaintiff's motion to open the nonsuit, (2) decided the defendants' motion for nonsuit when that motion had not been scheduled to be heard and without the plaintiff's being afforded an opportunity to be heard on the motion, (3) failed to accommodate the plaintiff's mental disability in violation of her due process and equal protection rights under article first, § 20, of the Connecticut constitution, and (4) failed to accommodate the plaintiff's mental disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

Appeals must be taken within twenty days of a judgment. Practice Book § 4009. In this case, the plaintiff waited twenty-one days after the judgment of nonsuit before filing her motion to open. Section 4009 provides that motions that "would render the judgment . . . ineffective" toll the running of the twenty day appeal period if they are filed within that period. Here, however, the motions to open and to reargue did not stop the appeal period from running on the underlying judgment because they were not filed within the twenty day period.[1]

---

[1] This issue was raised by the court sua sponte at oral argument. In order to comply with *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 99, 644 A.2d 325 (1994), the parties were ordered to file simultaneous supplemental briefs addressing the following question: "Where the appeal period has run with respect to the underlying judgment, is the Appellate Court limited to consideration of whether the denial of the motion to open is proper?" See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995); *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 639, 626 A.2d 804 (1993).

The plaintiff does not agree that her motion to open was untimely. At oral argument the plaintiff contended that, when properly computed, the time elapsed from October 12, 1993, to November 2, 1993, did not as a matter of law exceed twenty days. There are a variety of ways to compute time periods for a variety of purposes. "It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from the computation. . . . The authorities are in conflict concerning the exclusion of the last terminal day, but the reasons for the divergent decisions are the varied circumstances of the cases and the differences in language of the statutes under consideration." (Citations omitted.) *Lamberti* v. *Stamford*, 131 Conn. 396, 397–98, 40 A.2d 190 (1944).

The filing period in this case is controlled by Practice Book § 4010,[2] which establishes the rule for determining the expiration of time periods pertaining to the filing of papers in the Supreme and Appellate Courts. Section 4010 explicitly provides that for this purpose the first day shall not be counted and the last day shall be counted. In the present case, the clerk's office was open on November 1, 1993, the twentieth and last day for the timely filing of the plaintiff's motion to open. Computed according to § 4010, the plaintiff's motion to open was filed twenty-one days after the rendition of the judgment of nonsuit.

Where an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, we have refused

---

[2] Practice Book § 4010 provides: "In determining the last day for filing any papers in this court, the last day shall, and the first day shall not, be counted. Time shall be counted by calendar, not working, days.

"When the last day of any limitation of time for filing any paper under these rules or an order of the court falls on a day when the office of the trial court or of the appellate clerk is not required to be open, the paper may be filed on the next day when such office is required so to be open."

to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993). "This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." *Tiber Holding Corp.* v. *Greenberg*, supra, 671.

With one exception, the plaintiff's claims on appeal relate to the merits of the trial court's rulings that led to the rendering of the judgment of nonsuit, rather than to whether the trial court abused its discretion in refusing to open the judgment. We may not review these claims and, therefore, must dismiss them.

The sole claim of the plaintiff that we can review is the portion of her first issue in which she claims that the trial court improperly failed to hold an evidentiary hearing before ruling on her motion to open the judgment of nonsuit.

"[D]enial of a motion to [open a judgment of] nonsuit should not be held to be an abuse of discretion in any case in which it appears that a plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause." *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 238, 543 A.2d 728 (1988); see General Statutes § 52-212 (a).[3] The court held a hearing on the

---

[3] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered or decree passed upon a . . . nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint

motion to open, allowing into evidence two psychiatric reports and an affidavit from the plaintiff, before denying the motion. At this hearing, the plaintiff failed to establish, to the trial court's satisfaction, that she was prevented, by mistake, accident or other reasonable cause, from prosecuting her claim. We find no abuse of discretion in the action of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.

or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."