## IN RE KAREN R.*

Superior Court
Juvenile Matters

---

* Thus entitled in accordance with the spirit and intent of General Statutes § 46b-124 and Practice Book § 1060.1.

Memorandum filed February 17, 1998

FOLEY, J. The issue before the court is whether the time within which to bring an appeal may be extended by the filing of a motion to open a judgment, filed after the expiration of the appeal period.

On December 2, 1997, this court issued a decision terminating the parental rights of the biological parents of Karen R. Pursuant to Practice Book § 4009 (a), the appeal period expired on December 22, 1997. On January 8, 1998, the respondent mother, Carmen M. R. (respondent), filed a "motion to Re-open Judgment,"[1] that was denied by this court, ex parte, on January 9, 1998.

On January 13, 1998, twenty-two days after the expiration of the appeal period, the respondent filed a motion for extension of the appeal period to January 29, 1998, citing as authority Practice Book §§ 4009 (a) and 4009 (b).[2] On January 15, 1998, this court issued an ex parte denial of the motion for extension of the appeal period. On January 23, 1998, in connection with oral argument on another motion, however, this court agreed to reconsider this ruling and entertained oral argument on this issue.

The respondent seeks to have this court grant a motion extending the time for appeal. The original

[1] A judgment may be *opened*, not *reopened*, "unless the judgment has been opened previously." Office of the Reporter of Judicial Decisions, The Manual of Style for the Connecticut Courts (2d Ed. 1997) p. 5.

[2] Section 4009 (a) sets forth a twenty day time limitation for the filing of appeals, making reference to Practice Book § 4040 (a), the general rule regarding the extension of periods for appeal.

appeal period for this court's December 2, 1997 judgment, however, expired twenty days thereafter. During this appeal period, there were no motions filed at the trial court level on behalf of the respondent, nor was any appeal taken.

Practice Book § 4040 (a) provides the trial court with the authority to extend the time for appeal. The trial court may not, however, "extend the time for filing the appeal to a date which is more than twenty days from the expiration date of the appeal period." Practice Book § 4040 (a). Therefore, this court, even if presented with a timely motion for extension of time pursuant to Practice Book § 4040, could not have extended the time for appeal beyond January 11, 1998.

The respondent cites Practice Book § 4009 (a) and (b) as underlying authority for the motion for extension of the appeal period. Practice Book § 4009 (b) provides in pertinent part that "[i]f *within the appeal period* . . . any party files any motion, which, if granted, would render the judgment or decision appealed from ineffective, a new appeal period shall commence upon the issuance of notice of the decision on . . . such . . . motion." (Emphasis added.) Clearly, in order for any motion contemplated by this subsection to operate to extend the appeal period, it would have had to have been filed prior to the expiration of the appeal period. Consequently, since no motion was filed by the respondent prior to the expiration of the appeal period, the respondent may not avail herself of the benefits of either Practice Book § 4040 or Practice Book § 4009. In fact, the respondent is entirely foreclosed from appealing this court's December 2, 1997 judgment itself. *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 366, 579 A.2d 1054 (1990).

Thus, the respondent's only hope for review of the judgment itself is by way of a motion to open pursuant

to Practice Book § 326, which the respondent did file on January 8, 1998.

Practice Book § 326 provides in pertinent part that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months of the entry of judgment. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."

Accordingly, the basic rule is that no judgment may be opened unless a motion to open the judgment is filed within four months of its entry. The word "entry" and its pre-1996 predecessor phrase "succeeding the date on which it was rendered or passed" clearly manifest an intention on the part of the drafters to commence the four month period for opening at the time of the "issuance" of the judgment and not at the time the judgment becomes final (i.e., twenty days later). Thus, the period within which a judgment can be appealed commences simultaneously with the period within which it can be opened. The appeal period expires, however, prior to the expiration of the "opening" period and the right to appeal the underlying judgment is lost or abandoned at that time.

The respondent, by invoking Practice Book § 326 in support of her motion for extension of the appeal period, has interpreted this section to mean that the filing of a motion to open judgment *at any time* within the four month period somehow removes the "finality" of the judgment, even if such motion is filed more than twenty days after the entry of the judgment. In other words, if the respondent's position is adopted by this court, no judgment could become final within the four

month period, so long as there remained the possibility of opening that judgment.

What the respondent fails to consider is that the appeal of a final judgment is a legal proceeding separate and distinct from the opening of a judgment, final or otherwise. An appeal is designed to invoke the review of a higher court in an attempt to convince the higher court to set aside or to correct the judgment of the trial court. See W. Horton & S. Cormier, Connecticut Practice Book Annotated (1998 Ed.), Authors' Comments, § 4000, pp. 22–24, § 1 (i). The opening of a judgment pursuant to Practice Book § 326, on the other hand, is a procedure directed to the trial court's power to reexamine the validity of its own decision. See *Clapper* v. *Clapper*, 3 Conn. App. 637, 638, 490 A.2d 1030 (1985).

Practice Book § 326 cannot be relied upon to invoke Practice Book § 4009 (b) unless the motion to open is filed within the original appeal period. Connecticut case law is explicit on this point. In *Stephen* v. *Hoerle*, 39 Conn. App. 253, 255, 664 A.2d 817, cert. denied, 235 Conn. 928, 667 A.2d 555 (1995), the Appellate Court, in interpreting Practice Book § 4009, held that motions that would render the judgment ineffective toll the running of the twenty day appeal period if they are filed within that period. The court noted that, in the case before it, the motion to open did not stop the appeal period from running on the underlying judgment because it was not filed within the twenty day period. The court then took pains to distinguish between an appeal of an underlying judgment and an appeal of a subsequent denial of a motion to open that judgment. The court stated that where an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, "we have refused to entertain issues relating to the

merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper." Id., 256–57, citing *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995). "This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Internal quotation marks omitted.) *Stephen* v. *Hoerle*, supra, 257.

Prior to *Stephen*, the Appellate Court had held that "[w]hen a motion to open is filed more than twenty days after [the entry of] the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993).

Three years prior to *Altberg*, the Supreme Court, in *Farmers & Mechanics Savings Bank*, also held that because the defendants' motion to open was filed more than twenty days after the judgment was entered, they were precluded from appealing the judgment. The court stated that "[w]hile in the proper instance a motion to open a judgment may operate to extend the applicable appeal period, it will not 'serve to revive rights which were lost before the motion was made.' " *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 366, quoting *Daland's Application*, 81 Conn. 249, 252, 70 A. 449 (1908).

Accordingly, upon reconsideration, since the subject motion is untimely, the ex parte denial on January 15, 1998, of the respondent's motion for extension of the appeal period is hereby affirmed.