[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT
The plaintiff has filed a motion for reconsideration and reargument on the court's ruling granting the defendant City's motion for summary judgment., The defendant City has filed an objection on several grounds. The court will grant the objection based on the fact that the motion to reargue was not filed in a timely manner. In this case, the court granted summary judgment as to all seven counts of the plaintiff's complaint. The court decided the matter on September 22, 1999, but for some reason the decision was not mailed to counsel until November 16, 1999. On November 15, 1999, at short calendar, the court informed counsel in open court that it, in fact, had granted the motion for summary judgment.
it was the court's understanding and, it thought, the understanding of counsel, that the plaintiff was going to try to take advantage of Section 52-593 of the General Statutes to reinstitute suit against the appropriate party. The court had determined, and indicated in its decision, that that ameliorative statute could only be resorted to when the original action was terminated. See Russell v. Thomas O'Connor Co.,42 Conn. App. 345, 347; Kerr v. Metropolitan District, Judicial District of Hartford, Docket No. 51567 (Sheldon, J.); Chomicz v. AmericanLegion, Judicial District of New Haven, Docket No. 375597; Karpv. American Legion, Judicial District of Hartford, Docket No. 462879 (Handy, J.); Iannotti v. Faughan, Judicial District of New Haven, Docket No. 357157 (Flanagan, J.).
The court's ruling granting the motion for summary judgment was not interlocutory in nature but a final judgment from which an appeal would lie, cf. N.H. Redevelopment Agency v. ResearchAssociates, Inc., 153 Conn. 118, 120 (1965). Given this predicate, the motion to reargue is not timely, no appeal was CT Page 2610 taken and the judgment is in any event final. A review of the applicable Practice Book Provisions is necessary.
Practice Book § 11-12 provides that "[a] party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or order, file a motion to reargue. . . ." Practice Book § 11-12(a). But "[t]his section shall not apply to motions to reargue decisions which are final judgments for purposes of appeal. Such motions shall be filed pursuant to Section 11-11." Practice Book § 11-12(d).
Practice Book § 11-11 applies to "[a]ny motions which would, pursuant to Section 63-1, delay the commencement of the appeal period . . . and any motions which, pursuant to Section 63-1, would toll the appeal period. . . ." A motion will delay the commencement of the appeal period if it is "a motion . . . that, if granted, would render the judgment, decision or acceptance of the verdict ineffective. Practice Book § 63-1
(c)(1). "Motions that, if granted, would render a judgment, decision or acceptance of the verdict ineffective include . . . motions that seek . . . reargument of the judgment or decision." Id. The motion, however, will only delay the commencement of the appeal period if it "is filed within the appeal period. . . ." Id.
Practice Book § 63-1 provides that "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given." Practice Book § 63-1(a). "If notice of the judgment or decision is given in open court, the appeal period shall begin on that day. If notice is given only by mail, the appeal period shall begin on the day that notice was mailed to counsel and pro se parties of record by the trial court clerk." Practice Book § 63-1(b).
As indicated, the parties were notified of the judgment in open court on November 15, 1999; the plaintiff's motion to reargue was dated December 9, 1999 but not filed until December 10, 1999. The motion was not filed for at least 24 days after notice of the granting of the motion and thus does not toll or delay the appeal period. The motion is not covered by Practice Book § 11-11. The motion is untimely because it was not filed within twenty days cf. K. A. Thompson Electric Co. v. Wesco. Inc.,24 Conn. App. 758 (1991) where the court said: "Because the plaintiff's CT Page 2611 motion to reargue was timely filed within the original appeal period and the appeal was filed within twenty days of the denial of that motion, we conclude that the plaintiff's appeal was timely filed." Id., pp. 760-761. The issue raised in the case was "whether the timely filing of a motion to reargue tolls the runnings of the appeal period." Id., p. 758. The court decided that it did and refused to dismiss the appeal. A corollary of the court's reasoning is that if the motion to reargue had not been filed with in the appeal period, the trial court would not have entertained the motion to reargue. For example, a trial court has no power to extend the time for an appeal unless a motion requesting such relief is filed within the appeal period. In reKaren R., 45 Conn. Sup. 255, 257 (1998), Farmers' MechanicsSavings Bank v. Sullivan, 216 Conn. 341, 366 (1990). If that is the case, how can the court entertain a motion to reargue going to the merits filed beyond the appeal period? It cannot. The objection to the plaintiff's motion to reconsider or reargue dated December 9, 1999 is sustained. Under our rules the court concludes it does not have the power or right to decide this matter in any other way.
Corradino, J.