[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 27, 2000, the court denied defendant's motion for summary judgment, finding an issue of fact as to causation. On March 6, 2000, the court granted the defendant's motion for reargument. The court heard reargument on March 20, 2000. Upon reargument the plaintiff filed no responsive papers. The court agrees that the determination by the court in the underlying action as to legal insufficiency of the special defenses makes it impossible for the plaintiff to prove causation.
The sole allegation of negligence against the defendant is his failure to mark an exhibit for identification so that the evidentiary ruling barring the exhibit from evidence was not considered on appeal. Conceding this negligence for purposes of the motion, the defendant notes that the court's finding that the plaintiff in the CT Page 5205 underlying action was a holder in due course was not challenged on appeal. That finding resulted in a determination that the special defenses were legally insufficient.[1] The exhibit, which was proffered in support of the special defenses, was improperly excluded from evidence would not change the outcome of the case.
To prove causation and damages here, the plaintiff must establish that the defendant's failure to mark the exhibit for identification caused him harm because the foreclosure judgment against him would have been subject to reversal on appeal. See Mayer v. Biafore,245 Conn. 88, 92 (1998). Because that failure did not involve the finding of the holder in due course status of the foreclosing party, the plaintiff cannot prove causation.
The plaintiff has not presented any documentation to oppose the motion. He is under an obligation to do so.
 Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].
Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55
(1998). The plaintiff here has presented no evidence to disclose an issue as to causation.
"If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order, provided it retains jurisdiction over the subject matter and the parties." Tiber Holding Corp. v. Greenberg, 36 Conn. App. 670, 671, n. 1 (1995). Here the court reconsiders its denial of the motion for summary judgment, and concludes it was wrong. There is no genuine issue as to any material fact concerning the lack of causation here. Accordingly, judgment may enter in favor of the defendant.
___________________ DiPentima, J. CT Page 5206