[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR RECONSIDERATION AND/OR RE-ARGUMENT #117
The plaintiff brought an action against the defendant for failure to pay on an uninsured motorist claim in accordance with a policy the plaintiff claims was in effect at the time of the accident. The defendant moved for summary judgment contending that the undisputed facts establish that the insurance policy upon which the claim is based had been canceled for nonpayment of premium prior to the date of the accident. The court (Gallagher, J.) denied the motion. (Memorandum of Decision dated February 20, 2002). The defendant now moves for re-argument/reconsideration claiming that the court held "there is a material issue of fact as to whether the deficient initial payment by the plaintiff should be characterized as nonpayment of the first premium or as nonpayment of any other premium and therefore denies summary judgment." (Defendant's Motion for Reconsideration and/or Reargument dated February 28. 2002). This is a blatant mis-statement of the court's holding.
Practice Book § 11-12 states, in pertinent part. "A party who wishes to reargue a decision or order rendered by the court shall, . . . file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon which the party relies. . . . The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted."
"The purpose of reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been some misapprehension of facts. . . . It may also be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." (Citations omitted; internal quotation marks omitted.) Opoku v.Grant, 63 Conn. App. 686, 692-93, 778 A.2d 981 (2001). "If a court is not convinced that its initial ruling is correct, then in the interests of justice it should reconsider the order. . . ." (Internal quotation marks omitted.) Tiber Holding Corp. v. Greenberg, 36 Conn. App. 670, 671 n. 1,652 A.2d 1063 (1995). "[A] motion to reargue is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Internal quotation marks omitted.) Opoku v. Grant, CT Page 8628 supra.
The defendant does not demonstrate to the court that it failed to consider some controlling law or fact in the present case nor does it bring to light any claim which was overlooked by the court. The motion is denied.
GALLAGHER, J.