## FARAZ KELIB *v.* CONNECTICUT HOUSING FINANCE AUTHORITY
### (AC 27387)

Flynn, C. J., and Bishop and McLachlan, Js.

Argued January 18—officially released April 3, 2007

*Joseph M. Merly,* with whom, on the brief, was *John R. Williams,* for the appellant (plaintiff).

*Theresa M. Waugh,* with whom were *William A. Dickerson,* and, on the brief, *Everett E. Newton,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Faraz Kelib, appeals from the judgment of the trial court rendered following the granting of the motion filed by the defendant, the Connecticut Housing Finance Authority, to strike both counts of the plaintiff's revised complaint. On appeal, the plaintiff claims that the court improperly struck his revised complaint on the ground that it failed to state a legally sufficient cause of action. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In June, 1993, the plaintiff, who is Indonesian by ancestry and ethnicity, commenced working for the defendant as a

technician-section eight auditor. On June 27, 2005, the plaintiff filed a revised two count complaint against the defendant, alleging employment discrimination in violation of General Statutes § 46a-60 (a) (1)[1] in count one and retaliation in violation of § 46a-60 (a) (4) in count two.[2] The plaintiff, in his complaint, alleged that during his tenure at the defendant, he applied for at least sixteen positions, "most of which he [was] qualified [for]," but which were awarded to "non-Indonesians." The plaintiff, however, did not allege that he was denied these promotions because of his Indonesian background, nor did he allege that he was qualified for the positions he sought and did not obtain.

On August 1, 2005, the defendant filed a motion to strike the complaint in its entirety, on the ground, inter alia, that the plaintiff failed to state a claim on which relief may be granted. On November 21, 2005, the court granted the defendant's motion to strike both counts of the complaint. The court concluded, as to count one of the complaint, that the plaintiff failed to state a legally sufficient cause of action under § 46a-60 (a) (1). Specifically, the court held that the plaintiff failed to allege the qualifications for the positions he sought and that he failed to set forth his own qualifications for the positions. Choosing not to replead, the plaintiff appealed from the judgment rendered by the court after it granted the defendant's motion to strike.[3]

---

[1] General Statutes § 46a-60 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness . . . ."

[2] The plaintiff does not appeal from the ruling striking the second count.

[3] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ."

The plaintiff's sole claim on appeal is that the court improperly granted the defendant's motion to strike. We decline to review this claim, however, because the plaintiff has briefed the issue inadequately. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citations omitted; internal quotation marks omitted.) *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 659 n.2, 778 A.2d 237 (2001).

Here, the plaintiff's brief consists of a statement that the court improperly granted the defendant's motion to strike, a recitation of the relevant procedural facts and a statement regarding the applicable standard of review. The brief, however, is bereft of any meaningful legal analysis. Nowhere does the plaintiff set forth the elements of a cause of action for an employment discrimination claim. Nor does he provide any analysis in support of his bare claim that the complaint was legally sufficient. Rather, in the legal analysis section of his brief, the plaintiff simply repeats the allegations of his complaint without providing any framework for an assessment of its adequacy. Lacking any meaningful analysis or argumentation, the plaintiff's brief provides this court an insufficient basis for appellate review.

The judgment is affirmed.