STATE OF CONNECTICUT *v.* RAMON
MORENO-CUEVAS
(AC 27620)

Bishop, McLachlan and Pellegrino, Js.

Argued September 5—officially released October 30, 2007

---

*Ramon Moreno-Cuevas*, pro se, the appellant (defendant).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Roslyn Fleisher*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ramon Moreno-Cuevas, who is representing himself, appeals from the judgment of conviction, rendered after a trial to the court, of criminal trespass in the first degree in violation of General Statutes § 53a-107.[1] On appeal, the defendant claims that he was denied his constitutional rights to a fair trial as a result of prosecutorial impropriety and judicial misconduct.[2] We affirm the judgment of the trial court.

The following facts and procedural history are necessary for our disposition of the defendant's appeal. The

---

[1] General Statutes § 53a-107 (a) provides in relevant part: "A person is guilty of criminal trespass in the first degree when: (1) Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized person . . . ."

[2] By sua sponte order dated August 18, 2006, the court struck the defendant's claim of ineffective assistance of trial counsel. The prosecutorial impropriety claims include (1) suppression of evidence in violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), (2) improper attack of the defendant's character during closing arguments, (3) distortion of the record while questioning witnesses and (4) undisclosed conflicts of interest. The judicial misconduct claims include (1) violation of the defendant's sixth amendment rights, (2) excessive judicial intervention during cross-examination, (3) bias, (4) failure to recuse the prosecutor and (5) failure to hold a public trial.

defendant was granted admission to a master's degree program at Fairfield University (university) in the spring of 2005. On September 21, 2005, the director of security for the university, Todd A. Pelazza, informed the defendant that he was not allowed in university buildings after 10 p.m. On multiple occasions thereafter, university personnel saw the defendant in university buildings after 10 p.m. in violation of Pelazza's order. On September 28, 2005, Pelazza met with the defendant and issued a criminal trespass letter stating that the defendant was not to enter the premises of the university. When the defendant refused to sign the letter, Pelazza read the letter verbatim and handed it to the defendant.

On or about October 17, 2005, at approximately 1 a.m., David Salthouse, a security officer for the university, saw a vehicle on university property that he recognized as belonging to the defendant. Salthouse confirmed that the vehicle belonged to the defendant and that there was a valid criminal trespass warning against him. Salthouse then stopped the vehicle and identified the operator as the defendant. Security for the university summoned the Fairfield police department. An officer arrested the defendant and charged him with criminal trespass in the first degree.

After a trial, the court found the defendant guilty of criminal trespass in the first degree.[3] The court rendered judgment and sentenced the defendant to one year in the custody of the commissioner of correction, execution suspended, plus three years probation with the special condition that the defendant not enter the premises of the university. This appeal followed.

We begin our analysis by noting our role as an appellate court.[4] "This court cannot retry the facts or pass

---

[3] The court canvassed the defendant on his right to representation, but the defendant elected to try his case pro se. When the state concluded its case, the defendant engaged defense counsel who, thereafter, remained counsel of record throughout the trial.

[4] The defendant argued his appeal pro se. Many of his arguments and assertions far exceed the scope of our appellate review. Furthermore, many

upon the credibility of the witnesses." (Internal quotation marks omitted.) *Drabik* v. *East Lyme*, 234 Conn. 390, 395, 662 A.2d 118 (1995). "The [fact-finding] function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court." (Internal quotation marks omitted.) *Welsch* v. *Groat*, 95 Conn. App. 658, 666, 897 A.2d 710 (2006). The trial court's findings of fact are entitled to great deference and will be overturned only on a showing that they were clearly erroneous. See, e.g., *Benedetto* v. *Wanat*, 79 Conn. App. 139, 146–47, 829 A.2d 901 (2003).

In the present case, the defendant raises a plethora of factual issues, some of which are being raised for the first time on appeal. We are not at liberty, however, to make the factual findings the defendant wants us to make. At trial, the court found that the evidence established beyond a reasonable doubt that the defendant was guilty of criminal trespass in the first degree.[5]

of the defendant's assertions fail to provide any meaningful legal analysis or arguments, and he merely alludes to his litany of claims in a haphazard manner. "[Appellate courts] are not required to review issues that have been improperly presented . . . through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005). We limit our review to the defendant's claims of prosecutorial impropriety and judicial misconduct.

[5] Specifically, the court found that the defendant was on the premises of the university knowing that he was not privileged to do so and after an order to leave had been personally communicated to him. The court also found that the defendant's defenses, including, inter alia, that he was privileged to be on university property, were unavailing.

Applying our deferential standard of review to the record, we cannot say that the court's findings were clearly erroneous. There is sufficient evidence in the record by which the court could determine that the defendant was guilty of criminal trespass in the first degree.

The defendant also claims that a number of his constitutional rights were violated by prosecutorial impropriety and judicial misconduct. We summarily dispose of the defendant's constitutional claims. Our review of the record, including four volumes of transcript and all of the exhibits introduced at trial, fails to uncover even an inkling of evidence supporting the defendant's claims of prosecutorial impropriety or judicial misconduct, much less evidence supporting a violation that would rise to the level of constitutional significance.[6] See *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Contrary to the defendant's assertions, there was no constitutional error.

The judgment is affirmed.

---

[6] The defendant failed to raise any constitutional claims at trial. "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).