TRACY MISATA ET AL. *v.* CON-WAY
TRANSPORTATION SERVICES,
INC., ET AL.
(AC 27625)

Flynn, C. J., and Beach and Robinson, Js.

Submitted on briefs January 3—officially released April 1, 2008

*John F. X. O'Neill* filed a brief for the appellants (plaintiffs).

*James V. Somers, Steven H. Malitz* and *Regen O'Malley* filed a brief for the appellees (defendants).

### Opinion

ROBINSON, J. The plaintiffs, Tracy Misata and her minor daughter, Lauren Misata, appeal from the judgment of the trial court rendered in favor of the defendants, Con-Way Transportation Services, Inc., and John R. Martyn, Jr. On appeal, the plaintiffs claim that (1) the court improperly concluded that a discovery order was not complied with, (2) the parties did not receive notice that a judgment of nonsuit had been rendered, (3) the court improperly denied the plaintiffs' motion for reconsideration of the denial of their motion to open the judgment of nonsuit and (4) the dismissal of the action constituted too harsh a result. We affirm the judgment of the trial court.

The following detailed procedural history is necessary for our resolution of the plaintiffs' appeal. The plaintiffs commenced their action on June 27, 2003, by way of a one count complaint. The plaintiffs alleged that Martyn, an employee of Con-Way Transportation Services, Inc., negligently operated a truck and collided with the plaintiffs' motor vehicle. The plaintiffs further claimed that they suffered injuries as a result of this negligence. In response, the defendants filed a motion for permission to file supplemental interrogatories, requesting that Tracy Misata provide "information concerning collateral source benefits and/or payments received by her in connection with [the plaintiffs']

claimed injuries." The court granted this motion in September, 2003.

On November 5, 2003, the defendants filed a motion for nonsuit, pursuant to Practice Book § 13-14,[1] as a result of the plaintiffs' failure to respond to the supplemental interrogatories. On February 2, 2004, the court conditionally granted this motion, stating that the motion was granted "unless full compliance is served, with no objections except as based on claims of privilege, by [February 20, 2004]." The court subsequently granted the plaintiffs' ex parte motion for an extension of time and ordered that the plaintiffs respond to the interrogatories by March 15, 2004.

The plaintiffs responded to the interrogatories; however, the defendants viewed the response as incomplete and inadequate and, accordingly, filed a motion for nonsuit on March 25, 2004. The plaintiffs objected four days later, but the court did not rule on this motion. The defendants filed another motion for nonsuit on December 16, 2004, which was not decided by the court. Approximately nine months later, the defendants filed a motion for a judgment of dismissal pursuant to Practice Book §§ 13-11, 13-14 and 13-15.

---

[1] Practice Book § 13-14 (a) provides: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Section 13-13, or has failed to comply with the provisions of Section 13-15, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such order as the ends of justice require."

Practice Book § 13-14 (b) provides in relevant part: "Such orders may include the following:

"(1) The entry of a nonsuit or default against the party failing to comply . . . ."

On November 14, 2005, the court held a hearing on the defendants' motion. At the outset, the court noted that a judgment of nonsuit[2] had been rendered on March 15, 2004.[3] The plaintiffs' counsel indicated that he was unaware of the judgment of nonsuit. The court observed that the plaintiffs needed to address the entry of nonsuit. The court also noted that all of the parties appeared to have been unaware of the nonsuit and inquired whether the defendants objected to opening the judgment of nonsuit. Counsel for the defendants acknowledged "a lack of clarity as to where the case stood procedurally" and objected to opening the judgment of nonsuit.

On December 28, 2005, the defendants filed a second motion for a judgment of dismissal. The plaintiffs responded by filing an objection to the defendants' motion and a "motion to reopen judgment of nonsuit" on January 27, 2006. The court denied the plaintiffs' motion because of their "failure to fully respond to discovery response by March 15, 2004. Responses were incomplete, e.g., 6, 10, 12, 13 and 23." On March 21, 2006, the plaintiffs filed a "motion for reconsideration to reopen judgment of nonsuit." The court denied this motion, stating: "[U]ntimely, no good reason given for entry of nonsuit or judgment or why counsel was unaware of [March 15, 2004] ruling. Discovery answers

---

[2] The record does not reveal whether the court issued a memorandum of decision or simply entered the judgment of nonsuit without additional comment.

[3] "Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court. . . . When the plaintiff is nonsuited, [t]he judgment entered [is] one entitled *as of nonsuit* . . . . A nonsuit, therefore, is a judgment expressed without more, and to be entered when ordered without more." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 359, 519 A.2d 76 (1986); see also 1 E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 95, pp. 276–81.

were equivocal, nonresponsive and inadequate for their purpose." This appeal followed.[4]

As a preliminary matter, we must resolve, due to the procedural posture of this case, whether we may consider the merits of the underlying judgment of nonsuit or whether our inquiry is restricted to whether the court abused its discretion in failing to open the judgment. See *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 283, 925 A.2d 451 (2007). Ordinarily, we would conclude that our review is limited to the question of whether the court abused its discretion in denying the plaintiffs' motion to open the judgment of nonsuit. Due to the unique circumstances of the present case, however, we conclude that the question of whether the court abused its discretion in denying the motion to open the judgment is inextricably intertwined with the underlying judgment of nonsuit.

The court rendered a judgment of nonsuit on March 15, 2004. Neither party, however, received notice of this judgment. Our review of the record does not reveal any indication that notice was sent to either party.[5] It was

---

[4] At the outset, we note that the plaintiffs have failed to comply with certain rules of appellate procedure, including, but not limited to, the failure to cite any case law. "[Appellate courts] are not required to review issues that have been improperly presented . . . through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Moreno-Cuevas*, 104 Conn. App. 288, 291 n.4, 934 A.2d 260 (2007); *Kelib* v. *Connecticut Housing Finance Authority*, 100 Conn. App. 351, 353, 918 A.2d 288 (2007). We remind counsel of the obvious need to comply with our rules of practice and properly brief the issues presented on appeal. The failure to do so may be fatal to an appeal.

[5] In *Johnson* v. *Atlantic Health Services, P.C.*, 83 Conn. App. 268, 849 A.2d 853 (2004), we held that "[n]otice is necessary to make a determination of the date that commences the four month period within which a party may file a motion to open a judgment. *Noncompliance with a contingent order, by itself, cannot serve as notice of the resultant judgment.*" (Emphasis added.) Id., 276; see also *Tyler E. Lyman, Inc.* v. *Lodrini*, 63 Conn. App. 739, 746, 780 A.2d 932 ("[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. We have

not until the November 14, 2005 hearing that the plaintiffs were made aware of the existence of the judgment of nonsuit. See *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 360, 519 A.2d 76 (1986) ("[a] judgment of nonsuit is in fact rendered when the trial judge orders a nonsuit entered orally"). We conclude, therefore, that November 14, 2005, commenced the four month period[6] within which the plaintiff was permitted to file a motion to open the judgment of nonsuit. See *Federal Deposit Ins. Corp.* v. *Caldrello*, 68 Conn. App. 68, 70–74, 789 A.2d 1005, cert. denied, 260 Conn. 903, 793 A.2d 1088, cert. denied, 537 U.S. 824, 123 S. Ct. 111, 154 L. Ed. 2d 35 (2002). Accordingly, the plaintiffs' January 27, 2006 motion to open the judgment was timely before the trial court.

The plaintiffs chose to pursue the procedural option of filing a motion to open. Subsequently, they filed a motion for reconsideration of the denial of that motion.[7] They did not file an appeal from the judgment of nonsuit within twenty days of the November 14, 2005 hearing.[8]

indicated that for the purpose of opening a default judgment . . . a delay in notifying the defendant of the judgment would . . . extend the time in which the defendant could move to set aside the judgment." [Internal quotation marks omitted.]), cert. denied, 258 Conn. 902, 782 A.2d 137 (2001); *Federal Ins. Co.* v. *Gabriele*, 54 Conn. App. 459, 462, 735 A.2d 368 (1999) ("Practice Book § 17-4 clarifies the issue of when the four month period commences by providing that the four month period does not commence until the date on which notice of the judgment is sent").

[6] Practice Book § 17-4 (a) provides in relevant part that "any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months *succeeding the date on which notice was sent.* . . ." (Emphasis added.)

[7] A motion to reargue or reconsider is proper even if no provision for reargument under these circumstances is provided in the rules of practice. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671 n.1, 652 A.2d 1063 (1995) (motion for reconsideration filed more than twenty days after original judgment).

[8] "Ordinarily when judgment is rendered in open court, the appeal period starts on the date of the court's pronouncement." *Dime Savings Bank* v. *Saucier*, 44 Conn. App. 812, 814, 692 A.2d 1288 (1997); see also Practice Book § 63-1 (b).

Additionally, the plaintiffs filed the motion to open more than twenty days after receiving notice of the judgment of nonsuit.[9] On the appeal form, the plaintiffs indicated that they were appealing from the "[d]ismissal (nonsuit) of case for . . . alleged failure to adequately in a timely manner answer . . . requests for discovery." Furthermore, they have raised issues pertaining to both the underlying judgment of nonsuit and the motions to open and for reconsideration.[10]

It is well established in our jurisprudence that "[w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, *we have refused to entertain issues relating to the merits of the underlying case and have limited our consideration to whether the denial of the motion to open was proper. Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995). When a motion to open is filed more than twenty days after the judgment, *the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993). This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Emphasis added; internal quotation marks omitted.) *Stephen* v. *Hoerle*, 39 Conn. App. 253, 256–57, 664 A.2d 817, cert. denied, 235 Conn. 928, 667 A.2d 555 (1995); *Conway* v. *Hartford*, 60 Conn. App. 630, 635, 760 A.2d 974 (2000); *Connecticut Savings Bank* v. *Obenauf*, 59 Conn. App. 351, 354, 758 A.2d 363 (2000); *Charbonneau* v. *Charbonneau*, 51 Conn. App. 311, 312–13,

---

[9] The plaintiffs received notice of the judgment of nonsuit on November 14, 2005. The motion to open was filed on January 27, 2006.

[10] We note that "[t]he denial of a motion to open is an appealable final judgment." *Alix* v. *Leech*, 45 Conn. App. 1, 3, 692 A.2d 1309 (1997).

721 A.2d 565 (1998), cert. denied, 247 Conn. 964, 724 A.2d 1125 (1999).

In the present case, the plaintiffs filed the motion to open more than twenty days after receiving notice of the judgment of nonsuit. In light of the well established precedent, they normally would be precluded from challenging the merits of the underlying judgment in this appeal.[11] Our review of the record, however, reveals that there had been no judicial determination that the plaintiffs had not complied with the discovery request until the court denied the motion to open. Specifically, the February 17, 2006 order in which the court stated that the motion to open was "[d]enied for the failure to fully respond to discovery response by March 15, 2004 [and that] [r]esponses were incomplete, e.g., 6,10, 12, 13 and 23," was the first ruling by a judge of the Superior Court that the plaintiff had not responded fully to the discovery order. Furthermore, in ruling on the plaintiffs' motion for reconsideration, the court described the responses as "equivocal, nonresponsive and inadequate . . . ." Simply put, it was not until February 17, 2006, and, in response to the plaintiffs' motion for reconsideration on April 17, 2006, that the court actually decided whether the plaintiffs' responses were sufficient. The court, therefore, was not only ruling on the motion to open but also the underlying basis of the entry of a judgment of nonsuit. Thus, in order for this

---

[11] For example, *Stephen* v. *Hoerle*, supra, 39 Conn. App. 253, would guide our resolution. In that case, a judgment of nonsuit was entered after the plaintiff failed to appear at a scheduled deposition. Id., 254. Twenty-one days after the judgment of nonsuit, the plaintiff moved to open the judgment, and the court denied the motion. Id., 254–55. We noted that because the motion to open was not filed within twenty days of the judgment of nonsuit, the appeal period on that underlying judgment was not stopped. Id., 255. Accordingly, we dismissed the plaintiff's claims on appeal that related to the merits of the trial court's ruling leading to the rendering of the judgment of nonsuit. Id., 257. We then rejected the sole remaining claim that the court had abused its discretion by denying the motion to open the judgment of nonsuit. Id., 257–58.

court to determine whether the trial court abused its discretion[12] in denying the motion to open, we must also consider whether the basis for the nonsuit was proper.[13]

As we previously have noted, the court did not explain the basis for its determination that the plaintiffs had not complied with the discovery orders. It described the plaintiffs' answers as "incomplete," "equivocal, nonresponsive and insufficient for their purpose." The court subsequently stated that "[u]ltimately, no good reason [was] given for entry of nonsuit or judgment or why counsel [for the plaintiffs] was unaware [of the March 15, 2004] ruling." We conclude that the record is inadequate to review whether the court properly determined that the plaintiffs' responses did not comply with the discovery order.

"[I]t is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully

---

[12] Our standard of review of the trial court's denial of a motion to open is well established. "A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006); see also *Valentine* v. *LaBow*, 95 Conn. App. 436, 451, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

[13] We note that under unusual circumstances, we may venture from the well trodden path. See, e.g., *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 265, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005). As this case presents an unusual set of facts and circumstances, we will depart from the general rule that when an appeal has been filed after the denial of a motion to open but the appeal period from the underlying judgment has run, our review will be limited to whether the denial of the motion to open was proper. We emphasize, however, that our decision in the present case is limited strictly to the facts presented and does not signify any change or departure from the general rule. See id., 266.

understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiffs' claim] would be entirely speculative. . . . It is, therefore, the responsibility of the appellant[s] to move for an articulation or clarification of the record when the trial court has failed to state the basis of a decision. . . . [W]here the trial court's decision is ambiguous, unclear or *incomplete*, an appellant must seek an articulation . . . or this court will not review the claim." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 124–25, 891 A.2d 106 (2006); see also Practice Book § 61-10. The plaintiffs have failed to perfect the record for our review, and, therefore, we cannot review the trial court's determination that responses to the discovery order were insufficient. We are left, therefore, with the conclusion by the court regarding the plaintiffs' responses that we cannot review.

On the basis of this inadequate record, we are unable to conclude that the court abused its discretion in denying the motion to open on the basis of the plaintiffs' failure to comply with discovery orders.

The judgment is affirmed.

In this opinion the other judges concurred.